**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  CASE NO. 3:21-cr-76-TJC-MCR

DENNIS DEWAYNE JACKSON

**ORDER**

This case is before the Court on Defendant Dennis Dewayne Jackson's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(a). (Doc. 81). He asks the Court to reduce his 138-month prison sentence and 20 years of supervised release to home confinement to care for his wife and two minor children. Per Jackson, his wife is "one-hundred percent disabled and on Social Security disability for having rheumatoid arthritis over ninety-three percent of her body, needing one half of her stomach to be removed, and cancer." Id. at 3. Because of his wife's medical issues, Jackson claims she is unable to care for their two minor children, one of whom is on the autism spectrum and the other who has mental health issues. Id. Jackson says immediate release is necessary to provide financial support for his wife and children because the income they received from Social Security is insufficient. Id. at 4. The government opposes Jackson's motion in its entirety. (Doc. 83).

A court may modify a term of imprisonment under limited circumstances. See 18 U.S.C. § 3582(c) (establishing circumstances); United States v. Phillips,

597 F.3d 1190, 1195–96 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). To decide a motion for compassionate release, a court must consider the factors in the statute establishing sentencing guidelines (18 U.S.C. § 3553(a)) and determine whether "extraordinary and compelling reasons" warrant a reduction.[1] See § 3582(c)(1)(A). "Extraordinary and compelling reasons" for compassionate release include, inter alia, "[t]he death or incapacitation of the caregiver of the defendant's minor child[.]" U.S.S.G. § 1B1.13(b)(3)(A).

The Court need not analyze the factors in § 3553(a) because Jackson provides no extraordinary and compelling reason to modify his sentence. The issues Jackson identifies existed and were considered by this Court at the time he was sentenced. (See Doc. 56 ¶ 46) (indicating his wife has rheumatoid arthritis and has largely been unemployed during the marriage, and that Jackson's incarceration has caused financial stress). Jackson provided no documentation to verify his wife's condition. Even if his wife's health has deteriorated since his sentencing, Jackson has not established that there are no others who are able to provide care or that her circumstances now render her incapable of caring for herself or the children.

---

[1] A court may reduce a term of imprisonment under other circumstances inapplicable here. See 18 U.S.C. § 3582(c)(1)(A)(ii) & (c)(1)(B).

2

Accordingly, it is hereby

**ORDERED:**

Defendant Dennis Dewayne Jackson's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(a) (Doc. 81) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 23rd day of June, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

jcd
Copies:

Kelli A. Swaney, AUSA
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant

3